**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Albert HARPER, Defendant–Appellant.**

No. 02–3264.

United States Court of Appeals,
Sixth Circuit.

May 5, 2003.

Before KRUPANSKY, SILER, and
GILMAN, Circuit Judges.

### ORDER

Albert Harper appeals his judgment of conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In April 2001, Harper pleaded guilty to conspiring to possess with intent to distribute cocaine, cocaine base, and marijuana in violation of 21 U.S.C. § 846. In February 2002, the court held a sentencing hearing, granted Harper a five-level downward departure and sentenced Harper to 78 months of imprisonment. Harper has filed a timely appeal.

On appeal, Harper's counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and submits the following issue for review: whether trial counsel rendered ineffective assistance so as to render Harper's guilty plea and waiver of appeal rights involuntary. Harper has not responded to counsel's motion.

Upon review, we conclude that Harper's ineffective assistance claim is not reviewable on direct appeal. Harper appears to allege that counsel rendered ineffective assistance during the plea process, resulting in an involuntary guilty plea and waiver of his appeal rights. Generally, ineffective assistance of counsel claims are not cognizable on direct appeal because the record is inadequate to permit review; therefore they are more properly raised in a motion to vacate under 28 U.S.C. § 2255; *United States v. Barrow,* 118 F.3d 482, 494 (6th Cir.1997); *United States v. Tucker,* 90 F.3d 1135, 1143 (6th Cir.1996). Here, Harper has not identified any specific portion of the record to support a claim that trial counsel rendered ineffective assistance. Thus, it would appear that any claim of ineffective assistance would depend on matters outside of the record. Therefore, we believe that the present record is inadequate to permit this court to properly analyze Harper's ineffective assistance claim.

We have reviewed the record, however, and have discovered no other error warranting reversal of Harper's conviction or sentence.

Accordingly, we grant counsel's motion to withdraw and affirm the judgment of conviction and sentence. Rule 34(j)(2)(C), Rules of the Sixth Circuit.